DAVIS v. GIVENS, *Appellant.*

**Joint Purchase :** POSSESSION OF ONE PURCHASER INURES TO BENEFIT OF BOTH. Two persons purchased jointly at a sale under a deed of trust and afterward one of the two, the other refusing to join, in order to induce the grantor in the deed of trust to vacate, paid her money and received exclusive possession. *Held,* that the possession so obtained inured to the benefit of both, and this regardless of whether the trust sale conferred any title or right to the possession or not.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

Defendant gave evidence tending to show that his purchase of the possession from the widow Harman was made for the benefit of himself alone.

*Hicklin & Saylor* for appellant, argued that no title passed by the trustee's deed, and that appellant had acquired the exclusive right to the possession by this purchase from the widow Harman.

*Chas. A. Winslow* for respondent, argued that Givens and Venable were joint purchasers under the deed executed by the sheriff as trustee, and the presumption is that the possession was taken under the deed. Givens had no

right to buy the possession for himself and set it up to defeat the common title, any more than he could buy in an outstanding title and use it to defeat the common title. It was immaterial what title was conveyed by the deed. Such as it was they were mutually bound by it, and the possession taken under it must inure to both. Either might enter and occupy the whole, and one was not bound to enter at the request of the other, but neither had the right to enter and oust the other. *Jones v. Stanton*, 11 Mo. 433; *Picot v. Page*, 26 Mo. 398; *Warfield v. Lindell*, 30 Mo. 272; s. c., 38 Mo. 561; *Forder v. Davis*, 38 Mo. 107; *Lapeyre v. Paul*, 47 Mo. 586.

HOUGH, J.—This was an action of ejectment. The plaintiff recovered judgment, and the defendant has appealed.

In 1857 Jeremiah Harman died, seized of the land in controversy, leaving a will, the first clause of which is as follows: " I will and bequeath to my beloved wife, Elizabeth Harman, the farm on which I now reside, being one hundred and twenty acres of land, and all my personal property, cattle, horses, hogs and every other species of personal property, as long as she shall remain my widow, for the purpose of raising my family of children, and at her death or marriage, I desire that the remainder of my estate, real and personal, be equally divided among my children, to-wit: Jacob, Martha, John, Jasper, Andrew, Nathan, Valentine, Peter, Mary J., Jeremiah and Elizabeth Harman." The second clause directs a horse, saddle and bridle to be given to each of the minor children, at their majority, to equalize them with those already of age. The third clause directs the disposition of personal property to pay debts if needed. These are all the provisions of the will. On May 11th, 1869, Andrew J. Harman, Peter Harman and Mary J. Johnson, children of Jeremiah Harman, deceased, conveyed their interest in the land in controversy to their brother, Valentine Harman; and on the same day

Valentine Harman and Elizabeth Harman, the widow of Jeremiah Harman, executed a deed of trust conveying the land sued for, to secure the payment of two promissory notes given by the grantors in said deed, to one Albert Venable. At a sale under said trust deed, Albert Venable and William Givens purchased the land conveyed, and received a deed therefor. There was testimony tending to show that Mrs. Harman refused to surrender possession to Venable and Givens, and that an action of ejectment was brought against her by them, which action was compromised by the payment to her of $50 by Givens for the possession of the land for himself and Venable. Venable did not furnish any portion of the $50 paid by Givens, and declined to do so, for the reason that he had paid the entire purchase money at the trustee's sale, amounting to $500, as well as the fees for the execution of the trustee's deed. On January 9th, 1873, Venable conveyed to plaintiff his undivided interest in the land in controversy. The ouster of the plaintiff was admitted, so that the only question is as to his right.

It is unnecessary to determine the extent of the power conferred upon Mrs. Harman, by the terms of the will, over the property devised to her. Whatever right was acquired by Givens and Venable under the trust deed, was held and owned by them as tenants in common; and there was testimony tending to show that the actual possession was acquired by them in the same way. So that it is immaterial for the purposes of the present action, whether Venable and Givens acquired the present right of possession by their purchase at the trustee's sale, or by their subsequent purchase from Mrs. Harman. In either event Venable was entitled to share the possession, and the plaintiff has succeeded to his rights. The judgment must therefore be affirmed. All the judges concur.